## MATTER OF PRADIEU

### In Visa Petition Proceedings

### A-27078577

*Decided by Board October 22, 1986*

Where a spouse visa petition is filed in the New York District Office of the Immigration and Naturalization Service, it must be adjudicated in compliance with the procedures set forth under the final consent judgment entered in *Stokes* v. *INS*, No. 74 Civ. 1022 (S.D.N.Y. Nov. 10, 1976), regardless of whether the visa petition has been submitted individually or simultaneously filed with an application for adjustment of status.

ON BEHALF OF PETITIONER: George T. Chew, Esquire
401 Broadway, Suite 501
New York. New York 10013

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under the provisions of section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). In a decision dated January 24, 1985, the district director denied the petition. The petitioner has appealed. The appeal will be sustained and the record remanded for further proceedings.

The spouse visa petition, Form I-130 (Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa), was filed on the beneficiary's behalf on June 25, 1984, at the New York District Office of the Immigration and Naturalization Service. The petition was apparently accompanied by an application for adjustment of status. *See* 8 C.F.R. §§ 204.1(a)(2)(i), 245.2(a)(2) (1986). On January 24, 1985, the district director denied the petition. His decision indicates that a "245 interview" was conducted, that there was reason to doubt the validity of the marital relationship, and that the petitioner had "not provided evidence, either documentary or by testimony given at the time of [the] interview that this is a bona fide marital relationship." The record itself does not reflect when the

419

"interview" was conducted, what occurred at the "interview," what documents, if any, were requested and not provided, why there was reason to doubt the validity of the marriage, or what specific facts supported the denial of the visa petition. The record predating the appeal includes only the visa petition, photocopies of a birth and a marriage certificate, and the district director's decision denying the petition.

On appeal the petitioner, through counsel, challenges the conduct of the interviewer, the substance of the district director's decision, including the failure to reference evidence submitted at the interview,[1] and the Service's failure to comply with the procedures required under the final consent judgment entered in *Stokes* v. *INS*, No. 74 Civ. 1022 (S.D.N.Y. Nov. 10, 1976) ("*Stokes* judgment").

The Service brief in opposition to the petitioner's appeal addresses the issue concerning the *Stokes* judgment but does not otherwise specifically address the issues raised by the petitioner on appeal.

As we agree with the petitioner that this petition cannot be denied without compliance with the provisions of the *Stokes* judgment, the decision of the district director will be vacated and the record remanded for further proceedings. Even were this not the case, however, the decision in issue here would be reversed as the specific basis for the denial of the petition, and the evidence underlying that decision, cannot be determined from either the decision itself or the record.

Paragraph 49 of the *Stokes* judgment states that the provisions of the judgment apply to "I-130 spouse visa petitions . . . filed . . . in the New York District Office of the . . . Service." For the purposes of the judgment, an "adjudicatory proceeding" is defined to include "all interviews and examinations held before presiding immigration officers in connection with the determination of I-130 spouse visa petitions filed in the New York District Office." Included in the definition of "Presiding Immigration Officers" are "immigration inspectors, immigration examiners, or supervisory officers of such employees to whom the . . . Service delegates authority for performing functions . . . [relating to the adjudication of] I-130 spouse petitions." The *Stokes* judgment sets forth procedural requirements, which are not otherwise required by regulation, governing the investigation and adjudication of spouse visa petitions filed in the New York District Office. Paragraph 54 of the judgment provides that "[j]urisdiction is retained by the Court until

---

[1] On appeal the petitioner states that "evidence of a joint bank account, photographs from a wedding album, wedding and gift cards and testimony regarding their courtship and marriage" was presented. The record does not include this evidence.

further order, for the purpose of issuing any orders as may be necessary for the construction, implementation, or enforcement of this judgment or of any of the provisions thereof. . . ."

The Service contends that the *Stokes* judgment does not apply to this visa petition because it was filed simultaneously with an application for adjustment of status. It is submitted that the *Stokes* judgment is "solely a stipulation between the parties," [2] that it makes no reference to "simultaneous filings, section 245 proceedings or I-485 interviews," and that the "present practice of the Service and the New York District Office of providing merged petition/adjustment proceedings is manifestly dehors the terms agreed upon in the *Stokes* stipulation." It is argued that this "independent practice" established for the public benefit should not be disturbed because the *Stokes* judgment "expressly refrains from judging the validity of procedures in the New York District Office or the Immigration and Naturalization Service generally." It is finally noted that a petitioner may elect to file a visa petition, not accompanied by an adjustment application, and request an interview, "thereby assuring the petitioner of the rights and privileges under the *Stokes* judgment."

While we are not unsympathetic to the problems faced by the New York District Office in timely adjudicating visa petitions and are aware of the added difficulties the *Stokes* judgment may create, we cannot find that a spouse visa petition filed in the New York District Office is "dehors the terms agreed upon in the *Stokes* [judgment]" solely because it is accompanied by an application for adjustment of status. This simultaneous filing does not change the fact that a spouse visa petition is filed in the New York District Office and must be adjudicated as such. *See* 8 C.F.R. §§ 204.1(a)(2)(i), 245.2(a)(2) (1986). Accordingly, the petition comes within the specific terms of the *Stokes* judgment and cannot be denied without providing the petitioner her right to an "adjudicatory proceeding" under the provisions of the stipulation. The Service remains free to seek a construction of the judgment from the district court under the court's retained jurisdiction. This would have been the appropriate course at the outset to resolve whether the procedures in issue here could be found to be outside the scope of the judgment.

---

[2] It is not alleged that the final judgment is no longer in effect or does not otherwise bind the Service.

Accordingly, the appeal must be sustained and the record remanded for further proceedings consistent with this decision and the entry of a new decision.

**ORDER:** The appeal is sustained and the record is remanded for further proceedings and the entry of a new decision.